**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NICHOLAS SDOUCOS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

BANK OF AMERICA, N.A.,

Defendant.

Case No. 1:25-cv-13845

District Judge Robert W. Gettleman
Magistrate Judge Maria Valdez

**PLAINTIFF'S RULE 72(a) OBJECTION TO THE ORDER GRANTING DEFENDANT'S MOTION TO BIFURCATE DISCOVERY**

## TABLE OF CONTENTS


INTRODUCTION ........ 1

BACKGROUND ........ 1

LEGAL STANDARD ........ 3

ARGUMENT ........ 4

I. Expediency weighs against bifurcation because the order delays the class-certification determination. ........ 4

A. Bifurcation delays certification based on a speculative individual merits outcome. ........ 4

B. Delaying certification prejudices Plaintiff under the one-way-intervention doctrine ........ 5

II. Economy cannot rest on a predicted summary judgment victory or an unsupported assertion of class-wide expense ........ 6

A. The ruling relies on the uncertain future outcome that Tyrakowski and Abramson reject. ........ 6

B. The bank failed to make the particularized showing of burden required to justify bifurcation. ........ 7

C. The Bank’s authorities do not justify an initial phase covering all individual merits issues. ........ 8

III. Severability weighs against bifurcation because the ruling does not resolve the extensive overlap between individual and class discovery ........ 9

CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Abramson v. GoHealth LLC*,
2020 WL 5209817 (N.D. Ill. Sept. 1, 2020)........................................................................ 6

*America's Health & Resource Center, Ltd. v. Promologics, Inc.*,
2018 WL 3474444 (N.D. Ill. July 19, 2018) ........................................................................ 8

*Baker v. McCorkle*,
2018 WL 3439078 (S.D. Ind. July 17, 2018) ........................................................................ 3

*Beezley v. Fenix Parts, Inc.*,
328 F.R.D. 198 (N.D. Ill. 2018) .............................................................................. 4, 7, 9, 10

*Costello v. BeavEx, Inc.*,
810 F.3d 1045 (7th Cir. 2016)................................................................................................ 5

*Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130 U.A.*,
657 F.2d 890 (7th Cir. 1981).................................................................................................. 9

*Harris v. comScore, Inc.*,
2012 WL 686709 (N.D. Ill. Mar. 2, 2012) ............................................................................ 5

*In re Allstate Corp. Sec. Litig.*,
966 F.3d 595 (7th Cir. 2020).................................................................................................. 9

*In re Groupon, Inc. Sec. Litig.*,
2014 WL 12746902 (N.D. Ill. Feb. 24, 2014)................................................................ 3, 4, 7, 9

*Landa v. Menasha Packing Co., LLC*,
2024 WL 6960287 (N.D. Ill. Mar. 4, 2024) .......................................................................... 8

*Lucas v. Vee Pak, Inc.*,
2014 WL 12932245 (N.D. Ill. Nov. 13, 2014)........................................................................ 8

*Marshall v. Grubhub Inc.*,
2022 WL 1055484 (N.D. Ill. Apr. 5, 2022) ...................................................................... 3, 10

*Phillips v. Raymond Corp.*,
213 F.R.D. 521 (N.D. Ill. 2003) ............................................................................................ 3

*Quinn v. Specialized Loan Servicing, LLC*,
321 F.R.D. 324 (N.D. Ill. 2017) ...................................................................................... 9, 10

*Rodriguez v. City of Chicago*,
429 F. Supp. 3d 537 (N.D. Ill. 2019) ...................................................................................... 3

*Tyrakowski v. Conagra Brands, Inc. Pension Plan*,
2025 WL 4054410 (N.D. Ill. Feb. 24, 2025) .................... passim

*Weeks v. Samsung Heavy Indus. Co.*,
126 F.3d 926 (7th Cir. 1997) .................... 3

*Young v. Rolling in the Dough, Inc.*,
2018 WL 11534729 (N.D. Ill. July 19, 2018) .................... 8

**Statutes**

28 U.S.C. § 636(b)(1)(A) .................... 3

**Rules**

Fed. R. Civ. P. Rule 72(a) .................... 3

**Other Authorities**

Fed. R. Civ. P. 23 advisory committee’s note to 2003 amendment .................... 9

## INTRODUCTION

Plaintiff Nicholas Sdoucos objects under Federal Rule of Civil Procedure 72(a) to Judge Valdez's September 15, 2026 order granting Defendant Bank of America's (the "Bank") motion to bifurcate discovery. D.E. 34. The order postpones discovery necessary for class certification in favor of allowing the Bank to pursue merits discovery and summary judgment on Plaintiff's individual claims. Yet, the Court's stated justification, namely that testing those claims first may avoid the expense of class proceedings, does not establish a legal basis for bifurcation. The ruling departs from well-settled precedent in this District as it 1) fails to satisfy the three-pronged good-cause analysis for postponing class certification; and 2) rests on an uncertain future outcome as a basis for bifurcation, a justification which has been expressly rejected as insufficient to support bifurcation. If Defendant's summary judgment bid fails, only then can the deferred discovery take place, needlessly delaying class certification. The Bank's disputed defenses and the substantial overlap between individual and class discovery do not justify that delay. For the reasons set forth herein, Plaintiff asks the Court to set aside the order.

## BACKGROUND

Plaintiff brings this putative class action challenging the Bank's practice of processing automatic payments for amounts exceeding what its customers actually owe. Plaintiff enrolled in Defendant's automatic payment system and selected the option to pay his account balance. Despite having a zero-balance on his account, the Bank nevertheless processed an automatic payment for $2,044.88 and did not return the funds until almost four months later. D.E. 33 at 7–8. Plaintiff's claims concern the resulting deprivation of funds, the Bank's disclosures concerning its automatic payment practices, and its handling of the resulting credit balance and refund. *Id.* at 7–11.

The Bank moved to bifurcate discovery, requesting an initial phase devoted to Plaintiff's individual claims, followed by summary judgment, before class discovery could proceed. D.E. 31-1 at 2, 8–9 & n.2. The Bank proposed investigating Plaintiff's understanding of its disclosures, his reasons for making the manual payment, causation, and injury, arguing that a favorable individual merits ruling could eliminate the need for class discovery. Id. at 4–6. It also asserted that discovery

concerning other accounts and customers would impose substantial burdens that should be deferred until Plaintiff's individual claims were resolved. Id. at 6–7.

Plaintiff opposed the motion under the three-pronged expediency, economy, and severability analysis adopted by courts in this District. D.E. 33 at 3–12. As to expediency, Plaintiff explained that requiring individual discovery, summary judgment briefing, and a ruling before class discovery could begin would unjustifiably postpone the Court's consideration of certification. Id. at 5–6. As to economy, Plaintiff emphasized that the Bank submitted no declaration quantifying the volume, cost, or time associated with the discovery it sought to defer, and that its anticipated savings depended on an uncertain merits outcome which, if resolved in the Plaintiff's favor, would only increase expenses via additional discovery and motion practice. Id. at 4–9. As to severability, Plaintiff explained that the Bank's disclosures, system operations, and other customers' experiences bear on both his individual and class-wide claims, making the proposed division unworkable. Id. at 9–12.

Plaintiff reiterated these concerns at the hearing and proposed prioritizing particular discovery without conditioning class discovery on an individual merits ruling. Tr. 5:8–19, 10:19–11:13, 12:15–13:5. In granting bifurcation, the Court did not expressly address how the proposed sequence would advance certification, what demonstrated discovery burden justified the delay, or why Plaintiff's proposed alternative would be insufficient. The Court instead emphasized the Court's preliminary view of the merits of Plaintiff's claims and speculated about the potential expense to the defendant of class-wide discovery (despite no evidence in the record supporting that concern), reasoning that an initial focus on Plaintiff's individual claims could determine whether further class proceedings were warranted. Tr. 13:7–14:6. Any potential anticipated savings for the Bank thus remain dependent on the uncertain outcome of a future merits motion. Although the Court acknowledged Plaintiff's potential disadvantage under the one-way-intervention doctrine and the undesirability of successive summary judgment motions, the ruling did not explain how those concerns were outweighed by the anticipated benefits of proceeding first on the individual merits. Tr. 13:20–14:6; *see* D.E. 33 at 13.

The discussion following the ruling also left uncertainty about the scope of the initial discovery phase. Plaintiff's opposition explained why the Bank's policies, procedures, and other customers' experiences were relevant to his substantive claims as well as certification. D.E. 33 at 10–12. When Plaintiff raised that overlap at the hearing, the Court expressed the Court's understanding that the initial phase was only meant to address Plaintiff's standing. Tr. 15:12–21. The Bank then clarified that its request was not limited to standing and included broader merits issues, including causation and injury. Tr. 15:22–16:1. Following that clarification by the Bank, the Court did not explain what topics would be within the scope of discovery during the bifurcated first phase, and did not address how the Bank's broader, merits-based inquiry affected the proposed division of discovery. The Court directed the parties to confer about scope, and the minute entry required a proposed schedule not exceeding seven months. Neither the oral ruling nor the minute entry resolved how overlapping discovery would be treated or when class discovery would proceed. Tr. 16:2–19; D.E. 34.

**LEGAL STANDARD**

Rule 72(a) requires the district judge to modify or set aside any part of a nondispositive order that is clearly erroneous or contrary to law. *See also* 28 U.S.C. § 636(b)(1)(A). Clear error exists when the reviewing court is "left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Rodriguez v. City of Chicago*, 429 F. Supp. 3d 537, 540 (N.D. Ill. 2019) (quoting *Baker v. McCorkle*, 2018 WL 3439078, at *3 (S.D. Ind. July 17, 2018)). Although review of discretionary discovery decisions is deferential, legal conclusions receive plenary review. *Phillips v. Raymond Corp.*, 213 F.R.D. 521, 525 (N.D. Ill. 2003) (citing 12 *Wright & Miller's Federal Practice & Procedure* § 3069 (2d ed. 1997)).

Bifurcation is the exception, not the ordinary course of discovery. *Marshall v. Grubhub Inc.*, 2022 WL 1055484, at *3 (N.D. Ill. Apr. 5, 2022). The moving party must establish good cause through a particular and specific demonstration, not stereotyped or conclusory assertions. *In*

*re Groupon, Inc. Sec. Litig.*, 2014 WL 12746902, at *1 (N.D. Ill. Feb. 24, 2014). Courts in this District assess three factors: expediency, meaning whether bifurcation aids a timely certification determination; economy, including the effect of certification on the scope of further litigation; and severability, meaning whether certification and merits issues are closely enmeshed. *Id*. at *2; *Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198, 202–04 (N.D. Ill. 2018). The Bank, as the party seeking to restrict discovery, bears the burden of establishing good cause. *Tyrakowski v. Conagra Brands, Inc. Pension Plan*, 2025 WL 4054410, at *1 (N.D. Ill. Feb. 24, 2025).

## ARGUMENT

The September 15, 2026 ruling should be set aside because it fails to apply the required three-pronged analysis as to whether discovery should be bifurcated. All three factors, expediency, economy, and severability, weigh against bifurcation. D.E. 33 at 3–12. The ruling did not address the effect of bifurcation on a timely certification determination (expediency) or explain how the intertwined discovery could be separated (severability). The economy analysis focused on the potential cost of class discovery and the possibility that the Bank could avoid that expense by first defeating Plaintiff's individual claims. Tr. 13:7–14:6. The decisions discussed below, however, require more than speculative savings; the economy analysis considers whether the anticipated benefits of bifurcation justify the delay, potential duplication, and additional proceedings it would entail.

### I. Expediency weighs against bifurcation because the order delays the class-certification determination.

#### A. <u>Bifurcation delays certification based on a speculative individual merits outcome.</u>

"[P]erhaps the main or most significant factor courts consider is expediency or whether bifurcated discovery will aid the court in making a timely determination on the class certification motion." *Beezley*, 328 F.R.D. 198, 202–03. The September 15, 2026 ruling's analysis instead focused on whether the Bank should have an opportunity to defeat Plaintiff's claims before devoting resources to class proceedings. Tr. 13:17–14:6. The Bank argued that an individual merits ruling may end the case, but that is merely the Bank's litigation theory; nothing in the record

provides a factual basis to conclude that discovery is likely substantiate the Bank's baseless claims or that it will likely prevail on summary judgment. The Bank will first need to propound merits discovery, then receive responses from Plaintiff favorable enough to satisfy its summary judgment burden, and prevail on a prospective motion for summary judgment that it may or may not file, depending on the evidence it hopes to obtain from Plaintiff. If any of those contingencies fails to materialize, the certification process will have been needlessly delayed while the parties complete discovery that could have proceeded during the intervening months.

"[R]equiring the parties to complete merits discovery, brief a motion for summary judgment, and wait for a ruling on that motion before even beginning class discovery will certainly slow down the Court's ability to timely rule on any eventual class certification motion." *Tyrakowski*, 2025 WL 4054410, at *2. The September 15, 2026 ruling imposes the very sequence that has already been rejected as an impediment to a timely certification determination. It also fails to explain how that delay permits an early practicable certification determination or why simply prioritizing the Bank's requested discovery would not suffice absent complete bifurcation.

In *Harris v. comScore, Inc.*, the court granted the defendant's motion to bifurcate class and merits discovery, but it did so to protect the certification process from delay caused by extensive merits discovery. *Harris v. comScore, Inc.*, 2012 WL 686709, at *3 (N.D. Ill. Mar. 2, 2012). Following *Harris*, the proposed sequence must be evaluated by its effect on certification. The ruling did not undertake that evaluation and instead prioritized individual merits discovery and adjudication over the discovery necessary for certification.

B. Delaying certification prejudices Plaintiff under the one-way-intervention doctrine.

The ordered sequence also places Plaintiff at an unfair procedural disadvantage under the one-way-intervention doctrine. "The rule against one-way intervention prevents plaintiffs from moving for class certification after acquiring a favorable ruling on the merits of a claim." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057 (7th Cir. 2016). Postponing certification discovery while advancing individual summary judgment thus permits the Bank to pursue merits relief without

providing Plaintiff an equivalent opportunity to pursue affirmative merits relief on behalf of a certified class.

When Plaintiff raised this issue at the hearing, the Court acknowledged that Plaintiff would be "hamstrung a bit," but reasoned that Plaintiff could move for summary judgment later. Tr. 13:20–25. Plaintiff's ability to move later does not resolve the prejudice of requiring him to defend against individual summary judgment (particularly if the facts are undisputed, in which case procedurally plaintiff should be allowed to cross-move) while also postponing the discovery needed to obtain certification and pursue affirmative relief on behalf of the class. Moreover, the Court acknowledged that successive summary judgment motions would be undesirable, further undermining the claimed economy of bifurcation, discussed below.

## II. Economy cannot rest on a predicted summary judgment victory or an unsupported assertion of class-wide expense.

### A. The ruling relies on the uncertain future outcome that *Tyrakowski* and *Abramson* reject.

The September 15th ruling's central justification was that the Bank should be allowed to test Plaintiff's claims before committing resources to class proceedings. Tr. 13:17–19. The Court acknowledged the inefficiency of successive summary judgment motions but concluded that proportionality concerns justified proceeding first on Plaintiff's individual claims. Tr. 14:1–6. That explanation assumes the benefit of a possible defense victory without establishing why the ordered sequence is economical if the anticipated victory does not occur.

When faced with this issue, the *Tyrakowski* court declined to base discovery management on what *might* happen. It opined that "[w]hile Defendants' position is that a successful motion for summary judgment on Plaintiff's individual claim might save time and money by vitiating the need for class discovery, the Court cannot be certain at this early stage that such a motion will succeed and does not believe that basing its discovery management approach on such uncertain outcomes is prudent." 2025 WL 4054410, at *2. In *Abramson v. GoHealth LLC*, 2020 WL 5209817, at *3 (N.D. Ill. Sept. 1, 2020), the court likewise rejected bifurcation that "could only be based on

guesswork," describing the anticipated summary judgment result as "speculation about future outcomes." These decisions address the asserted basis for this order directly: discovery might produce a dispositive defense, which might lead to summary judgment, which might eliminate class discovery. The possibility of those speculative outcomes does not establish the good cause required for bifurcation.

B. <u>The bank failed to make the particularized showing of burden required to justify bifurcation</u>.

The Bank offered no evidence quantifying the burden of the class discovery it sought to postpone. Its motion identified broad requests for account data and customer complaints, but supplied no declaration quantifying the volume, cost, or time of the proposed production. D.E. 31-1 at 6–7; D.E. 33 at 4–5. *Groupon* requires "'a particular and specific demonstration of fact'" to establish good cause. 2014 WL 12746902, at *1 (quoting 8A *Wright & Miller's Federal Practice & Procedure* § 2035 (3d ed. 2010)). *See also Beezley*, 328 F.R.D. at 204. Describing class discovery as expensive does not establish why this discovery should be postponed pending an individual merits ruling.

*Tyrakowski* provides a particularly instructive comparison. There, the movant submitted an affidavit describing the difficulty of locating class documents, yet the court denied bifurcation because the asserted burden did not outweigh the benefit of the discovery. *Tyrakowski,* 2025 WL 4054410, at *2. Here, the Bank offered less support for the same requested restriction. The significance is not that an affidavit is invariably required or that an affidavit can never establish good cause. It is that in *Tyrakowski*, when measured against the value of class discovery, the claim of expense was deemed insufficient even where it was supported by an affidavit. The order here departed from the ordinary course of discovery in this District by accepting the Bank's generalized and unsupported assertion that unspecified class-wide expense was sufficient justification for the extraordinary measure of bifurcation.

The ruling also cited the amount of Plaintiff's individual claim and uncertainty about the existence of additional class members, but neither consideration establishes that the requested class

discovery is disproportionate to the needs of the case. Tr. 13:12–16. Uncertainty about the eventual scope of a class case ordinarily exists before class discovery and class certification. *Lucas v. Vee Pak, Inc.*, 2014 WL 12932245, at *2 (N.D. Ill. Nov. 13, 2014). It does not justify postponing the discovery needed to resolve the uncertainty. The proper inquiry under Rule 26(b)(1) compares the burden of particular discovery with its likely benefit, including its benefit to certification. *Tyrakowski*, 2025 WL 4054410, at *2. Here, the ruling identified a potential burden, but did not weigh it against the benefit of expedient class certification.

The order's reliance on a potential summary judgment victory for the Bank does not adequately account for the costs if that motion fails. In that event, the parties must undertake the deferred discovery and may face further merits proceedings and renewed disputes over scope, increasing the burdens on both the parties and the Court.

C. The Bank's authorities do not justify an initial phase covering all individual merits issues.

The decisions approving targeted preliminary discovery do not dispense with a particularized showing. *Young v. Rolling in the Dough, Inc.* involved a discrete joint-employer issue. 2018 WL 11534729, at *1–2 (N.D. Ill. July 19, 2018). *Landa v. Menasha Packing Co., LLC* focused initial discovery on the defendant's possession, control, or dissemination of biometric information at several different staffing agencies, each of which used its own systems and was responsible for tracking the time of its own employees. 2024 WL 6960287, at *1–2 (N.D. Ill. Mar. 4, 2024). Those inquiries supplied an identified focus for limited discovery.

In *America's Health & Resource Center, Ltd. v. Promologics, Inc.*, 2018 WL 3474444, at *5–6 (N.D. Ill. July 19, 2018), the court granted the defendants' motion to bifurcate only after the case had been pending for two years and the Plaintiffs failed to respond to the defendants' discovery requests. It does not establish that an anticipated merits motion entitles a defendant to defer class discovery. The ruling fails to address the reasoning in *Tyrakowski* and *Abramson* or explain why it should not apply here.

### III. Severability weighs against bifurcation because the ruling does not resolve the extensive overlap between individual and class discovery

Under *Groupon* and *Beezley*, the Court must assess whether certification and merits issues are sufficiently separable for bifurcation to produce a workable division. *Groupon*, 2014 WL 12746902, at *2; *Beezley*, 328 F.R.D. at 203. The Seventh Circuit has recognized the artificiality of strict separation between certification and merits discovery. *In re Allstate Corp. Sec. Litig.*, 966 F.3d 595, 610 n.3 (7th Cir. 2020); *see also Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130 U.A.*, 657 F.2d 890, 895 (7th Cir. 1981). Rule 23's 2003 advisory committee note calls for active judicial supervision to "expedite[] an informed certification determination" while avoiding "an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery.'" Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment; *see Quinn v. Specialized Loan Servicing, LLC*, 321 F.R.D. 324, 327–28 (N.D. Ill. 2017) (rejecting merits-first discovery intended to facilitate summary judgment before certification).

The discovery relevant to the defenses the Bank proposes to adjudicate first substantially overlaps with the discovery necessary for class certification. The Bank disputes whether its disclosures confused Plaintiff, whether the payment caused injury, and whether its handling of the resulting credit balance was improper. D.E. 31-1 at 4–6. As Plaintiff explained in his opposition, however, the deception inquiry concerns whether the challenged disclosures had the capacity to mislead an ordinary consumer. D.E. 33 at 10–11. Discovery into the disclosures, the operation of the payment system, and complaints from customers who experienced the same confusion therefore bears directly on the merits. Plaintiff explained that connection at the hearing, including the relevance of other customers' experiences to the Bank's assertion that his experience was contrived or anomalous. Tr. 10:19–11:13, 15:12–17. Evidence concerning other customers bears both on whether the Bank's disclosures would mislead a reasonable consumer, as Plaintiff alleges they misled him, and on whether that issue is common to the proposed class. Discovery into those customers' experiences is just one example of an abundance of information that would serve both

the merits of Plaintiff's individual claims and the commonality inquiry at certification, underscoring why the two cannot be cleanly separated.

This substantive overlap presents the practical problems identified in *Beezley* and *Quinn*: disputes over whether particular discovery belongs in the individual or class phase, with resulting expense and delay. *Beezley*, 328 F.R.D. at 204; *Quinn*, 321 F.R.D. at 328. If discovery into disclosures, system operations, and customer experiences proceeds only as narrowly necessary to address Plaintiff's claims, the parties will have to revisit those same subjects to determine their application across the proposed class. If that discovery proceeds more fully in the initial phase, it will necessarily advance certification as well as the individual merits, undermining the premise that the two require separate discovery proceedings. Such overlap can produce duplication rather than the savings bifurcation is intended to achieve. *See Marshall*, 2022 WL 1055484, at *5. The presence of some Plaintiff-specific issues does not establish that the comprehensive merits inquiry the Bank seeks is sufficiently separable from certification discovery to justify bifurcation.

**CONCLUSION**

Plaintiff respectfully requests that the Court sustain this objection, set aside the September 15, 2026 ruling granting the Bank's motion to bifurcate discovery, and permit individual and class discovery to proceed concurrently.

Dated: September 29, 2026

Respectfully submitted,

*<u>/s/ F. Peter Silva II</u>*

F. Peter Silva, (*pro hac vice*)
**TYCKO & ZAVAREEI LLP**
333 H Street, Suite 5000
Chula Vista, CA 91911
Telephone: 202-973-0900
E-mail: psilva@tzlegal.com

Katherine M. Aizpuru (*pro hac vice*)
Hassan A. Zavareei

**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, D.C. 20006
Telephone: 202-973-0900
E-mail: hzavareei@tzlegal.com
E-mail: kaizpuru@tzlegal.com

Shaun Spector, Esq. (*pro hac vice*)
**The Law Offices of Shaun Spector, PLLC**
2332 Galiano Street, Second Floor
Coral Gables, Florida 33134
Telephone: (786) 571-7110
Email: Shaun@ShaunSpectorLaw.com